**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0699-15T4

AMERICAN EXPRESS
CENTURION BANK,

      Plaintiff-Respondent,

v.

SALVATORE MASTROPOLE,

      Defendant-Appellant.

_____

      Argued April 25, 2017 — Decided July 3, 2017

      Before Judges Suter and Grall.

      On appeal from the Superior Court of New
      Jersey, Law Division, Passaic County, Docket
      No. L-0440-14.

      Richard H. Kotkin argued the cause for
      appellant.

      Respondent American Express Centurion Bank
      has not filed a brief.

PER CURIAM

    Plaintiff American Express Centurion Bank filed a complaint
alleging defendant Salvatore Mastropole breached a credit card
agreement to pay the minimum amount due as indicated on his
monthly statements (count one), seeking payment due on the

account (count two), and alleging unjust enrichment based on defendant's receipt of the benefits charged on the card without tendering payment (count three). The parties settled the case and filed an amended stipulation of settlement with the court on May 6, 2014. On July 10, 2015, defendant moved to vacate the settlement agreement, and he now appeals from a July 25, 2015 order, denying his motion to vacate. Plaintiff did not file a timely answering brief, and on its own motion, this court suppressed the brief. For the reasons that follow, we affirm.

Defendant was not represented by counsel at the time of the settlement. He was, however, represented by counsel on the motion to vacate, and he is represented by the same attorney on appeal. In support of his motion to vacate the settlement, defendant submitted a certification asserting that he "agreed to settle" the initial litigation with the understanding that he "would make certain monthly payments, towards the outstanding balance" and "would get back [his] credit privileges and . . . could continue to charge on the Account." Although his credit was not restored, he continued to make monthly payments. By plaintiff's account, he made ten monthly payments under their agreement before stopping payments and consulting an attorney, who, according to defendant, told him the agreement did not reflect his understanding.

2                                                          A-0699-15T4

There is no question that the four page, seven paragraph stipulation of settlement defendant signed does not reflect those terms. Instead, it includes the following:

> Except for the terms and conditions contained herein Defendant[s] acknowledges and represents that he possess no claims, demands, defenses, counterclaims, or causes of action whatsoever against [plaintiff], its officers, directors, employees, agents, attorneys, heirs and assigns pertaining to [his account number], which are not being resolved pursuant to the Agreement. Defendant[s] forever waives and relinquishes any and all such claims, whether known or unknown, and further covenants and agrees that he shall not institute any suit, proceedings or action at law, equity arbitration, or otherwise against [plaintiff], or in any way aid in the institution or prosecution of any claim, demand, or cause of action against American Express arising directly or indirectly out of or in connection with [his account number].

Defendant does not point to a single passage in the document he signed to settle plaintiff's suit that he could have read as a promise to restore his credit. Nevertheless, he signed it.

"Public policy favors the settlement of disputes." Willingboro Mall, Ltd. v. 240/242 Franklin Ave., L.L.C., 215 N.J. 242, 253 (2013). "An agreement to settle a lawsuit is a contract which, like all contracts, may be freely entered into and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does

A-0699-15T4

other contracts." Pascarella v. Bruck, 190 N.J. Super. 118, 124 (App. Div.) (quoting Honeywell v. Bubb, 130 N.J. Super. 130, 136 (App. Div. 1974), certif. denied, 94 N.J. 600 (1983)); accord Zuccarelli v. N.J. Dept. of Envtl. Prot., 326 N.J. Super. 372, 380 (App. Div. 1999), certif. denied and appeal dismissed, 163 N.J. 394 (2000). "Before vacating a settlement agreement, our courts require clear and convincing proof that the agreement should be vacated." Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (internal quotation marks omitted). "A party is bound to the contract it made at the time, even if it turns out to be a poor deal." New Jersey Mfrs. v. O'Connell, 300 N.J. Super. 1, 7 (App. Div.), certif. denied, 151 N.J. 75 (1997).

Given defendant's signing of the agreement unambiguously omitting any promise concerning restoration of credit, and his tender of ten monthly payments in conformity with the stipulation, defendant's unsupported assertion that plaintiff fraudulently omitted a promise material to his agreement is simply not enough to warrant an order vacating the settlement. Judge Brogan properly denied the motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0699-15T4